ADRIAN HITT, PLAINTIFF IN ERROR, v. LEWIS S. ALBERTS AND MICHAEL WOOLEVER, DEFENDANTS IN ERROR.

Submitted July 8, 1907—Decided November 18, 1907.

The plaintiff sued to recover damages for breaking and entering a certain building occupied by him and for taking and carrying away certain goods and chattels of plaintiff therein; it appeared at the trial that the building had been erected by plaintiff upon a lot of Mrs. T., nearly opposite her residence on the same street, where plaintiff had resided with Mrs. T. up to the time of her death, a period of thirteen years, and had been acting as her servant and general man of work, and had conducted a business in said building in the making of useful inventions and selling rights for the same; there was also evidence tending to show that

the plaintiff had treated the goods, which consisted mainly of patterns for inventions, flower-pots, screens, screen doors, window sash and glass, as the property of Mrs. T., and that similar articles were in the house of Mrs. T. prior to her death; the defence was that the goods belonged to the estate of Mrs. T. and were removed to another building of the estate to make room for a tenant; there was also some evidence tending to show that Mrs. T. was interested in the business either as owner or partner with plaintiff; the trial resulted in a verdict for the defendant; the plaintiff brought error; the assignments of error were based on exceptions to the admission of evidence. The following questions put to plaintiff in cross-examination were admitted as follows: "*Q*. After Mrs. T.'s death you made a claim against the estate for $32,000, money due you from Mrs. T., didn't you?" "*Q*. Now, in addition to that, after her death, you claimed to have and own a note for $10,000 from one K. to the order of Mrs. T., did you not?" "*Q*. There are other judgments against you in this county, aren't there, that are unpaid?" *Held*, in review, that there was no error in the ruling, and the judgment was affirmed.

On error to the Supreme Court.

For the plaintiff in error, *Adrian Hitt, pro se.*

For the defendants in error, *Marshall Van Winkle.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ brings up for review a judgment of the Supreme Court entered upon a verdict returned at the Hudson Circuit. The action was in tort, and the declaration alleges that the defendants, on August 16th, 1902, took and carried away certain goods and chattels, the property of the plaintiff, from the building No. 230 Palisade avenue, in Jersey City, in the possession and occupancy of plaintiff, to his great damage, &c. The defendants pleaded the general issue. At the trial the jury returned a verdict for the defendants, and judgment was entered accordingly.

The plaintiff seeks to reverse the judgment upon alleged errors in the admission of evidence over objection, to which rulings exceptions were duly taken and sealed. The first three assignments of error may be considered together. They

embrace exceptions to the admission of the following questions asked the plaintiff upon cross-examination:

1. "After Mrs. Thompson's death you made a claim against the estate for $32,000, money due you from Mrs. Thompson, didn't you?"

2. "Now, in addition to that, after her death you claimed to have and own a note for $10,000 from Thompson Kingford, of Oswego, to the order of Mrs. Thompson, did you not?"

3. "There are other judgments against you in this county, aren't there, that are unpaid?"

These questions were objected to on the ground that they were irrelevant and immaterial. A brief statement of the facts involved in the issue is necessary, perhaps, in dealing with the alleged error in the admission of these questions.

The plaintiff had formerly resided in Rushville, Ind. In 1883 he left there and came to New York, and soon after settled in Jersey City and became an inmate of the house of Mrs. Thompson, occupying her house opposite the premises in question, where she continued to reside until her death on July 15th, 1900. For thirteen years preceding her death plaintiff remained in her household. His relations with her, as stated by a niece of the deceased at the trial, were "servant and man of all work." During this period he had erected a small building on Mrs. Thompson's lot opposite her residence, which he used for a shop, and in which he carried on his trade of an inventor, making patterns, &c. He testified that some of his inventions were patented and others not, and that he derived considerable income from the sale thereof. Whether plaintiff used his own funds in the erection of this building or those of Mrs. Thompson, who was possessed of some means, was one of the questions at the trial. This building was later used as a stable, with stalls on the lower floor and a loft overhead for the storing of hay, &c. The goods carried away consisted of patterns of various devices—flower-pots, skylight sash and glass, window sash and glass, screens and screen doors, batten doors and some crossing stone, and other articles. While the plaintiff testified that

these articles were his, purchased with his money, there was evidence tending to show that Mrs. Thompson gave him money for the purpose of buying things; that she possessed in her lifetime flower-pots, screens and screen doors and batten doors, and other articles similar in character to the goods in question, and that after her death, when the plaintiff vacated the house, these articles disappeared therefrom. The plaintiff also testified, on cross-examination, that in 1897 a judgment was obtained against him in Jersey City, and that when the constable came and levied on this property now in dispute he put in a claim for Mrs. Thompson that she owned all these things. He also admitted that in his answer to a bill filed by the estate against him in the Court of Chancery in 1901 he had stated that he had carried on some business in the name of Mrs. Thompson and himself.

The defence was that the defendant Alberts had rented the stable of the administrator of Mrs. Thompson with the will annexed, who also held a power of attorney from her devisees for the purpose, and that with the assistance of the defendant Woolever, who was not personally interested in the matter, he entered the building without breaking and removed the articles in question from the stalls of the stable a few feet across an alley into the basement of another building of the estate of Mrs. Thompson, which Alberts had also rented as a branch bakery and residence; that he had not used or converted any part of the goods so removed; that the goods were in fact the property of the estate and not of the plaintiff. The question was thus fairly raised before the jury whether the plaintiff was, at the time of the alleged trespass, the owner of the goods in controversy, or did they belong to the estate of Mrs. Thompson.

In this attitude of the parties it is quite apparent, we think, that whatever would throw light upon the relations of the plaintiff and Mrs. Thompson at and before her decease, whether as partners in business or otherwise, or as debtor and creditor, would be relevant upon the question of ownership in the building and contents in controversy. If Mrs. Thompson was so largely indebted to plaintiff at her decease, the ques-

tion would naturally arise, What became of the money advanced or used by plaintiff for her benefit? Did it go into the erection of the building on her lot and into the business there carried on? There was no error in the admission of questions 1 and 2, nor in the admission of question 3, because the latter inquiry was clearly pertinent as tending to show that the goods in question were not subject to levy as plaintiff's goods.

Another question objected to was this one: *"Q.* About the inside of the house after Hitt removed, what condition was that in?" This also bore on the question as to whether the goods in question, or some of them, were removed from the house of Mrs. Thompson and was properly admitted.

The only other assignment of error relates to the refusal to strike out the answer to the question, "Whom did you find there when you got back?" The question was not objected to at the time, and whether the court would afterwards strike out the answer was within the discretion of the trial judge, and is not subject to review.

We are asked by the plaintiff to review alleged errors in the charge of the court, but no assignment of such error appearing, we cannot do so. We may say, however, that we have looked at the charge and find no error therein, and finding no error in the record, the result is that the judgment below must be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, SWAYZE, PITNEY, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 14.

*For reversal*—None.